UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:11-CV-00155

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY                               Plaintiff

v.

ZUMRETA JAHIC                                                                              Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Nationwide[1] Mutual Fire Insurance Company's Motion to Bifurcate, Stay Discovery, and for Separate Trials Before Separate Juries.  (Docket No. 37.)  Defendant Zumreta Jahic has responded, (Docket No. 40), and Plaintiff has replied, (Docket No. 41).  This matter is now ripe for adjudication.  For the reasons that follow, Plaintiff's Motion will be GRANTED IN PART.  The Court makes no ruling at this time with regard to the issue of separate trials before separate juries.

BACKGROUND

This matter centers around a fire loss to Defendant Zumreta Jahic's home on June 6, 2010.  Jahic's home was covered by an insurance policy issued by Nationwide Mutual Fire Insurance Company (Nationwide) in June 2009.  Jahic submitted a claim for the loss in an amount just shy of $400,000.  (*See* Docket No. 1-3.)  According to Nationwide, after investigating the loss it determined that the loss was incurred as a result of Jahic's intentional acts or acts at her direction.  (Docket No. 37-1.)  Nationwide further alleges

---

[1] In both Plaintiff's instant Motion and Defendant's response, Nationwide is erroneously identified in the caption as "National"; regardless, it appears from the record that the correct name is in fact "Nationwide."

that Jahic concealed or misrepresented material facts and made false statements relating to the claimed loss. And finally, Nationwide alleges Jahic failed to protect the property from further damage. Nationwide maintains it denied Jahic's claims based on policy language excluding coverage for loss resulting from intentional acts committed by or at the direction of the insured. Nationwide then filed a Complaint for declaratory relief in this Court on March 14, 2011. (Docket No. 1.) Jahic followed by filing a Counterclaim against Nationwide, alleging, among other things, breach of contract and bad faith under the Kentucky Unfair Claims Settlement Practices Act (Ky. UCSPA), Ky. Rev. Stat. § 304.12-230. Nationwide now moves this Court to bifurcate the coverage and bad-faith issues, stay discovery on Jahic's bad-faith claims until the coverage issue is resolved, and employ separate juries for each. (Docket No. 37-1, at 1-2.)

STANDARD

I.   **Applicable Standard for Bifurcation**

As an initial matter, the Court must determine the applicable standard for considering a motion to bifurcate in a diversity action. Both Nationwide and Jahic agree that "Kentucky law controls the issue of bifurcation," (Docket Nos. 37-1, at 2; 40, at 2); however, both are wrong. In this regard, Nationwide posits:

> [F]ederal courts may apply state procedural rules in diversity jurisdictions where federal rules of procedure do not address the situation presented. . . . Kentucky law addresses bifurcation of bad faith claims asserted against insurance companies which effects [sic] the substantive rights of the parties. Further, federal procedural law is silent on this precise issue. Accordingly, Kentucky law is applicable.

(Docket No. 37-1, at 2 (citation omitted).)

It has long been established that although a federal court sitting in diversity applies state substantive law, it nonetheless applies federal procedural law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Though the Court doubts its ultimate decision on the instant Motion would differ, the Court finds ample precedent in both this Circuit and beyond that federal law governs bifurcation in diversity cases. *See, e.g.*, *Brantley v. Safeco Ins. Co. of Am.*, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011) (applying Fed. R. Civ. P. 42(b) in deciding whether to bifurcate a diversity action brought under the Ky. UCSPA); *Sculimbrene v. Paul Revere Ins. Co.*, 925 F. Supp. 505, 506 (E.D. Ky. 1996) (applying Rule 42(b) in a diversity action brought under the Ky. UCSPA); *Wolkosky v. 21st Century Centennial Ins. Co.*, 2010 WL 2788676, at *3 (S.D. Ohio July 14, 2010) (discussing at length why Rule 42(b) and not an Ohio mandatory bifurcation statute governs bifurcation in a bad-faith/breach of contract diversity action); *Tuttle v. Sears, Roebuck & Co.*, 2009 WL 2916894, at *2 (N.D. Ohio Sept. 4, 2009) (applying Rule 42(b) rather than state law in deciding bifurcation in a diversity case); *Riddle v. Royal Indem Co.*, 2007 WL 542389, at *1 n.1 (W.D. Ky. Feb. 16, 2007) (noting the applicability of Rule 42(b) in deciding bifurcation issues for bad-faith claims because "the conduct of discovery and bifurcation are matters of federal procedural law"); *see also Light v. Allstate Ins. Co.*, 506 S.E.2d 64, 71 n.14 (W.V. 1998) (collecting cases nationwide in which federal courts sitting in diversity applied Rule 42(b) when deciding bifurcation issues in the bad-faith context). Based on the overwhelming precedent where federal courts sitting in diversity have applied Federal Rule of Civil Procedure 42(b) rather than state law to decide bifurcation issues—many of which appear in the precise context

presented in this case—the Court cannot agree with the parties' assertions that Kentucky law governs and instead finds Rule 42(b) is the standard applicable here.

## II.     Bifurcation and Staying Discovery

The decision to bifurcate is firmly within the discretion of the trial court. *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005). Federal Rule of Civil Procedure 42(b) provides that a court may bifurcate a matter into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting inconvenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Courts should look to case-specific facts to determine whether bifurcation is proper, placing the burden on the party seeking bifurcation to show separation of issues is the most appropriate course. *E.g. Brantley*, 2011 WL 6012554, at *1; *Stoudemire v. Mich. Dep't of Corr.*, 2011 WL 2447992, at *2 (E.D. Mich. June 14, 2011); *Farmers Bank of Lynchburg, Tenn. v. BancInsure, Inc.*, 2011 WL 2023301, at *1 (W.D. Tenn. May 20, 2011).

The decision to stay discovery on a bad-faith claim while the underlying contract claim is pending is likewise within the discretion of the trial court. *Smith*, 403 F.3d at 408. Where the bad-faith claim depends on resolution of the underlying contractual dispute regarding the policy of insurance, it is reasonable for a court to resolve the coverage question before allowing the bad-faith claim to proceed. *Id.*

DISCUSSION

Nationwide's instant Motion seeks three things: bifurcation of trial, a stay of discovery on Jahic's bad-faith claims, and separate trials before separate juries. The Court will address each in turn.

**I.     Bifurcation of Trial**

The bifurcation of claims for coverage under an insurance agreement and claims of bad faith on the part of the insurer is an oft discussed topic in district courts. *See, e.g.*, *Brantley*, 2011 WL 6012554, at *2; *Hoskins v. Allstate Prop. & Cas. Inc. Co.*, 2006 WL 3193435, at *2 (E.D. Ky. Nov. 2, 2006). This type of case lends itself to bifurcation under Rule 42(b) because if a bad-faith claimant cannot prevail on the coverage issue, her claim of bad-faith necessarily fails. *See Brantley*, 2011 WL 6012554, at *2; *Honican v. Stonebridge Life Ins. Co.*, 2005 WL 2614904, at *2 (E.D. Ky. Oct. 13, 2005); *accord Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute."). Such a finding is important because "whether the resolution of a single issue would be dispositive of an entire claim is highly relevant in determining the efficacy of bifurcation." *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982).

Federal district courts in Kentucky frequently sever the trials for contract and bad-faith claims in lawsuits analogous to the instant action. *E.g.*, *Brantley*, 2011 WL 6012554; *Bruckner v. Sentinel Ins. Co., LTD*, 2011 WL 589911 (E.D. Ky. Feb. 10, 2011). That courts occasionally have decided not to bifurcate first-party cases between the insurer and insured is unremarkable given that bifurcation decisions are made no a case-by-case basis. What is more remarkable is that courts have consistently bifurcated cases

where resolution of a single claim would be dispositive of the entire case. *See, e.g.*, *Smith*, 403 F.3d at 407; *Beverly Hills*, 695 F.2d at 216; *Brantley*, 2011 WL 6012554, at *2; *Bruckner*, 2011 WL 589911, at *2.

Here, resolution of the coverage dispute in Nationwide's favor would resolve both Nationwide's claim against Jahic and Jahic's bad-faith claim against Nationwide, given that her bad-faith claim would necessarily fail were she found not entitled to coverage under the policy. Bifurcation of the trials will thus avoid the expense of litigating issues that may never arise, and will permit the jury to focus on a single issue at a time thereby avoiding the introduction of potentially confusing evidence until absolutely necessary. Furthermore, the Court recognizes the risk of prejudice, particularly to Nationwide, inherent in trying Jahic's bad-faith claim simultaneously with the parties' coverage dispute, but finds the risk of prejudice to either party minimal in separating the issues in this case. Therefore, the Court finds bifurcation of the coverage and bad-faith issues appropriate here, and GRANTS Nationwide's Motion to Bifurcate.

## II.     Bifurcation of Discovery/Staying Discovery of Jahic's Bad-Faith Claim

The Court reaches a similar conclusion in regard to Nationwide's request to bifurcate the discovery process and stay discovery of Jahic's bad-faith claims pending resolution of the coverage issue. As numerous courts have found in this context, staying discovery of the bad-faith claim pending resolution of the underlying contractual dispute would both prevent prejudice and further judicial economy. *See, e.g.*, *Brantley*, 2011 WL 6012554, at *2; *Bruckner*, 2011 WL 589911, at *2; *Secura Ins. Co. v. Gorsick*, 2008 WL 152101, at *2 (W.D. Ky. Jan. 15, 2008); *Pollard v. Wood*, 2006 WL 782739, at *2-3 (E.D. Ky. Mar. 27, 2006). Accordingly, the Court finds that staying discovery of Jahic's bad-

faith claims pending resolution of the coverage issue would prevent prejudice, eliminate potentially unnecessary litigation expenses, and also further the interests of judicial economy. Therefore, the Court GRANTS Nationwide's Motion to Stay Discovery.

### III. Separate Trials Before Separate Juries

The Court makes no ruling at this time with regard to the issue of separate trials before separate juries. This matter is set for a telephonic conference on January 15, 2013, at 10:30 EST. The Court will place the call to counsel.

### CONCLUSION

For the foregoing reasons, Plaintiff Nationwide Mutual Fire Insurance Company's Motion to Bifurcate, Stay Discovery, and for Separate Trials Before Separate Juries, (Docket No. 37), is GRANTED IN PART as follows:

(1) Nationwide's Motion to Bifurcate Trial is GRANTED. The Court shall bifurcate this matter into two separate proceedings, the first encompassing the parties' respective coverage/breach of contract claims and the second Jahic's bad-faith claims.

(2) Nationwide's Motion to Stay Discovery is GRANTED. Discovery relating to Jahic's bad-faith claims is stayed pending resolution of the coverage/breach of contract issues.

(3) The Court makes no ruling at this time with regard to the issue of separate trials before separate juries. This matter is set for a telephonic conference on January 15, 2013, at 10:30 EST. The Court will place the call to counsel.

IT IS SO ORDERED.

Date:


cc:     Counsel