UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:11-CV-00155-TBR

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY**

v.

**ZUMRETA JAHIC**

# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proved its case against the Defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All the instructions are important, and you should consider them together as a whole.

The attorneys for the Plaintiff and the Defendant may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In deciding this case, you should consider it as a dispute between persons of equal standing in the community and holding the same or similar stations in life. All persons, including

corporations and other organizations, stand equal before the law and are to be treated as equals.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, but any inference you make must be based on the evidence in the case.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses who by education and experience have become experts in some art, science, profession, or calling may state their opinions as to relevant and material matters in which they profess to be an expert and may also state their reasons for the opinion. You should consider

each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by the other evidence, you may disregard the opinion entirely.

Bosnian has been used during this trial. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must ignore any different meanings of the non-English words.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-note-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to

the parties about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and on the verdict.

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

# INSTRUCTION NO. 1

## Definition of "Preponderance of the Evidence"

The term "preponderance of the evidence" is used many times in these instructions and deserves some additional explanation. To establish by the preponderance of the evidence means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

# INSTRUCTION NO. 2

## Brief Overview

As you have heard, this case involves a dispute arising out of a policy of fire insurance issued by the Plaintiff, Nationwide Mutual Fire Insurance Company, to the Defendant, Zumreta Jahic. There is no dispute that the fire occurred and that Ms. Jahic's property was damaged as a result of that fire. Nationwide has denied coverage for the losses claimed by Ms. Jahic. The principle issues for you to decide, therefore, arise out of the defenses asserted by Nationwide. Nationwide claims that it does not owe coverage under the policy of insurance issued to Ms. Jahic (1) because the losses incurred by Ms. Jahic were the result of intentional acts committed by her or at her direction; (2) because Ms. Jahic intentionally concealed or misrepresented material facts or circumstances relating to the claimed loss; and (3) because Ms. Jahic failed to protect the property from further damage after the fire. Ms. Jahic denies these allegations and claims that she is entitled to coverage under the policy of insurance issued to her by Nationwide.

# INSTRUCTION NO. 3

With respect to the first defense—that the losses incurred by the Defendant, Zumreta Jahic, were the result of intentional acts committed by her or at her direction—the Plaintiff, Nationwide, must prove by a preponderance of the evidence:

(1) that the fire was incendiary in origin; and

(2) that the Defendant, Zumreta Jahic, is the person who intentionally set the fire, or that Ms. Jahic solicited, procured, aided, or counseled some other person to do so for her.

A fire was "incendiary in origin" if it did not occur through accident or negligence, but was intentionally set by someone for the purpose of causing destruction of the property. "Intentionally," as used in this instruction, means to do something deliberately, consciously, and voluntarily. The question whether the fire was incendiary in origin is a question for you to determine on the basis of the evidence you have heard in this case.

As to the second element, Nationwide need not show that someone actually saw Ms. Jahic or someone acting on her behalf set the fire. Instead, Nationwide may rely entirely on circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact.

If Nationwide relies on circumstantial evidence to prove that Ms. Jahic intentionally caused or procured the fire that damaged the house, Nationwide must establish that Ms. Jahic had both a sufficient motive and a reasonable opportunity to set the fire or cause the fire to be set. In determining whether such motive and opportunity existed in this case, you may consider such factors as Ms. Jahic's financial status, the nature and extent of Ms. Jahic's debts and liabilities, the potential for profit or loss, and

whether there is sufficient information connecting Ms. Jahic with the fire.

If you decide that the Plaintiff, Nationwide, has proved each of the elements above by a preponderance of the evidence, you must render a verdict in favor of Nationwide. Do so by marking "YES" on Verdict Form No. 1. If you decide Nationwide has not proved each of the elements above by a preponderance of the evidence, you must render a verdict in favor of the Defendant, Zumreta Jahic. Do so by making "NO" on Verdict Form No. 1.

**If you answer is "YES" on Verdict Form No. 1, then your verdict is complete. Please return to the courtroom.**

**If you answer is "NO" on Verdict Form No. 1, please proceed to Instruction No. 4.**

## INSTRUCTION NO. 4

With respect to the second defense—that the Defendant, Zumreta Jahic intentionally concealed or misrepresented material facts or circumstances relating to the claimed loss—the insurance policy involved in this case contains a provision stating that the policy does not provide coverage if, either before or after a loss, the insured makes any fraudulent statement or intentionally conceals or misrepresents any material fact or circumstance relating to the claimed loss. This is a valid provision and, by its terms, if any false answer is intentionally made by the insured concerning a material fact, such answer would be fraudulent and the policy would be rendered void. It is not necessary, however, that the insurance company actually be deceived by the falsehood or rely upon the misrepresentation to its detriment.

In this case, Nationwide alleges that Ms. Jahic made fraudulent or false statements concerning the losses claimed as a result of the fire. To establish this defense, Nationwide must prove by a preponderance of the evidence:

(1) that the Defendant, Zumreta Jahic, intentionally made a false statement or misrepresentation relating to the claimed loss; and

(2) that in making such statement or misrepresentation, Ms. Jahic knew that the statement was false and that the statement was material to the claim involved.

The word "intentionally," as used in this instruction, means to do or say something deliberately, consciously, and voluntarily. The word "material," as used in this instruction, means that the subject matter of the statement or concealment relates to a fact or circumstance that would be important to the decision to be made, as distinguished from an insignificant, trivial, or unimportant detail. Thus, a statement is

"material" to the claim if that statement relates to a fact or circumstance that would affect Nationwide's liability to pay the claimed loss.

If you decide that the Plaintiff, Nationwide, has proved each of the elements above by a preponderance of the evidence, you must render a verdict in favor of Nationwide. Do so by marking "YES" on Verdict Form No. 2. If you decide Nationwide has not proved each of the elements above by a preponderance of the evidence, you must render a verdict in favor of the Defendant, Zumreta Jahic. Do so by making "NO" on Verdict Form No. 2.

**If you answer is "YES" on Verdict Form No. 2, then your verdict is complete. Please return to the courtroom.**

**If you answer is "NO" on Verdict Form No. 2, please proceed to Instruction No. 5.**

# INSTRUCTION NO. 5

With respect to the third defense—that the Defendant, Zumreta Jahic, failed to protect the property from further damage—the insurance policy involved in this case contains a provision stating that the policy does not provide coverage for loss to any property resulting directly or indirectly from neglect, meaning the neglect of Ms. Jahic to use all reasonable means to save and preserve the property at the time of and after the loss. This is a valid provision and, by its terms, if the property was further damaged after the loss by Ms. Jahic's failure to save and protect the property from such damage, then Ms. Jahic would not be entitled to coverage under the policy.

If you decide that the Plaintiff, Nationwide, has proved that the Defendant, Zumreta Jahic, failed to use all reasonable means to save and preserve property at the time of or after the loss, you must render a verdict in favor of Nationwide. Do so by marking "YES" on Verdict Form No. 3. If you decide Nationwide has not proved that Ms. Jahic failed to use all reasonable means to save and preserve property at the time of or after the loss, you must render a verdict in favor of the Defendant, Ms. Jahic. Do so by making "NO" on Verdict Form No. 3.

**If you answer is "YES" on Verdict Form No. 3, then your verdict is complete. Please return to the courtroom.**

**If you answer is "NO" on Verdict Form No. 3, please proceed to Instruction No. 6.**

# INSTRUCTION NO. 6

If you decided in favor of the Defendant, Zumreta Jahic, on Verdict Form No. 1, Verdict Form No. 2, <u>and</u> Verdict Form No. 3 by answering "NO" on each of those Verdict Forms, then you must determine what benefits Ms. Jahic is entitled to under the policy of insurance issued by the Plaintiff, Nationwide. The insurance policy in this case provides coverage for the cost to repair or replace the insured's dwelling. The insurance policy also provides coverage for the actual cash value of the insured's personal property at the time of the fire, which is the cost to repair or replace such personal property. In determining what benefits Ms. Jahic is entitled to, you should not consider any amount already paid under the policy. If you return a verdict in favor of Ms. Jahic, that amount will be offset by any amount already paid by Nationwide.

Please enter the amount of your verdict for Ms. Jahic's damages, if any, on Verdict Form No. 4.