UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:11-CV-00155


NATIONWIDE MUTUAL FIRE                    Plaintiff / Counterclaim Defendant
INSURANCE COMPANY

v.

ZUMRETA JAHIC                                   Defendant / Counterclaimant


## MEMORANDUM OPINION

This matter is before the Court upon Plaintiff Nationwide Mutual Fire Insurance Company's Motion for Summary Judgment. (Docket No. 90.) For the reasons that follow, the Court will GRANT Nationwide's Motion.

As part of her Answer and Counterclaim, Defendant/Counterclaimant Zumreta Jahic alleged various claims for bad faith in violation of the Kentucky Unfair Claims Settlement Practices Act (UCSPA). On February 21, 2014, a jury determined that Jahic was not entitled to coverage under the policy issued to her by Nationwide. Nationwide now moves for summary judgment as to Jahic's bad faith claims.

## DISCUSSION

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.

1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 796, 799 (6th Cir. 1996). Further, while the substantive law of Kentucky is applicable here pursuant to *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the standards of Federal Rule of Civil Procedure 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

Generally, the Kentucky UCSPA, Ky. Rev. Stat. § 304.12-230, "is intended 'to protect the public from unfair trade practices and fraud' and 'imposes what is generally known as the duty of good faith and fair dealing owed by an insurer to an insured.'" *Phelps v. State Farm Mut. Auto. Ins. Co.*, 680 F.3d 725, 731 (6th Cir. 2012) (internal citations omitted) (quoting *State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988); *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512, 515 (Ky. 2006)), *rehearing and rehearing en banc denied*, (Aug. 23, 2012). An insurer's violation of the UCSPA creates a cause of action both for the insured as well as for those who have claims against the insureds, and the same standard applies in both types of cases. *Id.* (citing *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 454 (Ky. 1999)).

In order to state a claim under the UCSPA, a plaintiff "must meet a high threshold standard that requires evidence of 'intentional misconduct or reckless disregard of the rights of an insured or a claimant' by the insurance company that would support an award of punitive damages." *Id.* (quoting *Wittmer v. Jones*, 864 S.W. 2d 864,

890 (Ky. 1993)). Once a plaintiff has met this initial showing, she must establish three elements to maintain a claim of bad faith:

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Wittmer*, 864 S.W.2d at 890; *accord Phelps*, 680 F.3d at 731.

In the instant case, a jury has determined that Jahic is not entitled to coverage under the policy at issue due to her breach of that policy's provisions. Consequently, Jahic cannot prevail on any of the three elements necessary to sustain a bad faith claim under Kentucky law.

## CONCLUSION

For these reasons, the Court finds that Nationwide is entitled to judgment as a matter of law and will GRANT its Motion for Summary Judgment. An appropriate Judgment will issue concurrently with this Opinion.

Date:


cc:     Counsel

        Zumreta Jahic
        P.O. Box 197283
        Louisville, KY 40259